UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL VANCASTER,

        Plaintiff,

  v.

        Case No. 23-cv-468-pp

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND ORDERING RESPONSE**

---

The plaintiff, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under the Freedom of Information Act and the Privacy Act seeking his disability record. Dkt. No. 1. This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens the complaint, dkt. no. 1, and orders the defendant to respond.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 19, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $1.68. Dkt. No. 5. The court received that fee on June 16, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(A). The court must dismiss a complaint if the incarcerated plaintiff raises that's that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

Case 2:23-cv-00468-PP     Filed 07/18/23     Page 2 of 7     Document 11

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court liberally construes complaints filed by plaintiffs who are representing themselves and holds those complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that the Social Security Administration has failed to respond to his Freedom of Information Act/Privacy Act request for a copy of his disability record. Dkt. No. 1 at 1. Attached to his complaint is a letter, dated December 1, 2022 and addressed to the Social Security Administration in Madison, Wisconsin. Dkt. No. 1-2. In that letter, the plaintiff says that he is requesting a complete copy of his "SSI/SSDI record" from 2001 to 2014. Id.

For relief, the plaintiff seeks "one free copy" of his disability record, including his psychological record, from the date of application through the termination of his benefits in 2016. Dkt. No. 1 at 1-2.

C. Analysis

The court construes the plaintiff's lawsuit as alleging violations of the Freedom of Information Act (FOIA), 5 U.S.C. §552 and the Privacy Act, 5 U.S.C.

3

§552a. FOIA "generally contemplates a policy of broad disclosure of government documents." Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). "Under the Act, 'each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person.'" Moore v. FBI, 283 F. App'x 397, 398 (7th Cir. 2008) (quoting 5 U.S.C. §552(a)(3)(A)).

Under 5 U.S.C. §552(a)(4)(B), "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant." FOIA defines "agency" as

> each authority of the government of the United States; whether or not it is within or subject to review by another agency, but does not include—(a) the Congress; (B) the courts of the United States; (c) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia.

5 U.S.C. § 551(1). The Social Security Administration, the defendant in this case, is a federal agency that comes within the purview of FOIA. See Hoeller v. Social Security Admin., 670 F. App'x 413 (7th Cir. 2016) (reviewing FOIA claim of Social Security Administration records).

To state a claim under FOIA, however, the plaintiff must allege that he has exhausted his remedies. Scherer v. Balkema, 840 F.2d 437, 443 (7th Cir. 1988); Hoeller, 670 F. App'x at 414 ("Exhaustion of administrative remedies is a prerequisite to filing a FOIA suit"). "In the absence of such an allegation, he

4

states no claim upon which relief can be granted." Scherer, 840 F.2d at 443 (citation omitted).

When an agency fails to respond to a FOIA request within the statutory time limits, the plaintiff is deemed to have constructively exhausted his administrative remedies. See 5 U.S.C. §552(a)(6)(C)(i)). This occurs when at least ten days have passed without a reply from the agency indicating that it is responding to the request. Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). However, "[i]f the agency responds to a FOIA request before the requester files suit, the ten-day constructive exhaustion provision in 5 U.S.C. §552(a)(6)(C) no longer applies; actual exhaustion of administrative remedies is required." Id.

The plaintiff filed his federal complaint in this case on April 10, 2023, alleging that the defendant has not responded to his FOIA request. Dkt. No. 1. The plaintiff's FOIA request is dated December 1, 2022. Dkt. No. 1-2. Accepting the plaintiff's allegations as true, he has pleaded facts to show that more than ten days passed without a response from the defendant. For purposes of this screening order, the court finds that the plaintiff has sufficiently stated a claim for relief under FOIA, because he has named a defendant that falls within the statutory scope of FOIA and has alleged facts showing he constructively exhausted his administrative remedies.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

5

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$348.32** balance of the filing fee by collecting monthly payments from the plaintiff's trust account in the amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on the defendant under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the defendant to file a responsive pleading to the complaint.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**