UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL VANCASTER,

        Plaintiff,

v.

        Case No. 23-cv-468-pp

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

## ORDER DENYING PLAINTIFF'S PETITION FOR FINANCIAL ORDER (DKT. NO. 13)

---

The plaintiff, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under the Freedom of Information Act and the Privacy Act seeking his disability record. Dkt. No. 1. On July 18, 2023, the court screened the plaintiff's complaint and ordered the defendant to respond. Dkt. No. 11. In that order, the court ordered the U.S. Marshals Service to serve a copy of the complaint and the order on the defendant under Federal Rule of Civil Procedure 4 and informed the plaintiff that the current fee for waiver of service packages is $8.00 per item mailed. Id. at 6.

On July 31, 2023, the court received from the plaintiff a "petition for financial order" asking the court to order Fox Lake Correctional Institution to pay the $8.00 fee to the Marshals Service from his release account instead of his regular account. Dkt. No. 13. The plaintiff indicates that his regular

1

account will have a balance of $0.00 for several years "due to the multiple court filing fees imposed by this court." Id.

In April of this year, the petitioner filed four complaints in the Eastern District of Wisconsin. See Vancaster v. Ferguson, et al., Case No. 23-cv-467; Vancaster v. Social Security Administration, Case No. 23-cv-468; Vancaster v. Walsh, Case No. 23-cv-469 and Vancaster v. Lasee, et al., Case No. 23-cv-470. He is correct that the law—28 U.S.C. §1915(b)—requires him to pay the full filing fee for each of those cases, by paying an initial partial filing fee and then monthly payments of 20% of the preceding month's income from his trust account.

Costs of litigation such as service costs are the plaintiff's responsibility; even a plaintiff who is representing himself is responsible for to funding his own litigation. See Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); Nail v. Gutierrez, No. 1:06-cv-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007). The term "prisoner's account" used in 28 U.S.C. §1915 "encompasses both [the prisoner's] release account and his general account." Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). The release account "is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." Wilson v. Anderson, No. 14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code §DOC 309.466). Federal courts in this state have permitted incarcerated persons to use their release accounts to pay their initial partial filing fee. E.g. Doty v. Doyle, 182 F. Supp. 2d 750, 751

2

(E.D. Wis. 2002); Spence, 46 F. Supp. 2d at 862–63. But this court lacks the authority to order a state correctional institution to allow an incarcerated person to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, No. 18-cv-1895-JPS, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson v. Anderson, No. 14-cv-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014)); see also Artis v. Meisner, No. 12-cv-589-WMC, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015) ("[T]his court has not found any case in which a federal court permitted a prisoner to pay litigation costs from a release account under the federal PLRA [Prison Litigation Reform Act]." (emphasis omitted)).

The plaintiff may ask the state for a legal loan under Wis. Admin. Code §DOC 309.51(1) to cover his litigation costs. But obtaining and repaying that loan are "matter[s] strictly between him and Wisconsin, and not any business of the federal courts." See Lindell, 352 F.3d at 1111 (citing Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1076 (E.D. Wis. 1999)). The court will not order the prison to allow the plaintiff to access his release account to cover his service fee.

The court **DENIES** the plaintiff's petition for financial order. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:23-cv-00468-PP   Filed 08/03/23   Page 3 of 3   Document 14